McCABE, WEISBERG & CONWAY, LLC
Melissa DiCerbo, Esquire
One Huntington Quadrangle, Suite 4N25
Melville, NY 11747
Tel: (631) 812-4084
Email:MDiCerbo@mwc-law.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
U.S. BANK TRUST COMPANY, NATIONAL
ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-　　　**CASE NO:**
IN-INTEREST TO U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDER OF ASSET BACKED　　　　**COMPLAINT**
SECURITIES CORPORATION HOME EQUITY
LOAN TRUST 2004-HE7 ASSET BACKED PASS-
THROUGH CERTIFICATES, SERIES 2004-HE7,

　　　　　　　　　　Plaintiff,

　　　　　　　　　-against-

TERENCE BYRNE A/K/A TERENCE T. BYRNE;
SUZANNE M. BYRNE A/K/A SUZANNE M.
CASTIGLIA;
"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

　　　　　　　　　　Defendants.
-----------------------------------------------------------------X

　　　　Plaintiff, U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee For The Registered Holder Of Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE7 Asset Backed Pass-Through

1

Certificates, Series 2004-HE7 ("Plaintiff"), by its attorneys McCabe, Weisberg & Conway LLC, as and for its Complaint hereby alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to New York's Real Property Actions and Proceedings Law, Section 1301 et. seq. to foreclose a mortgage encumbering the real property commonly known as 6140 Hanover Road, Farmington, New York 14425 Section 29.14 Block 2 Lot 38.00 in the County of Ontario, State of New York (the "Property"). A copy of the Schedule "A" describing the Property is annexed hereto as **Exhibit "1."**

## PARTIES, JURISDICTION AND VENUE

2. U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee For The Registered Holder Of Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE7 Asset Backed Pass-Through Certificates, Series 2004-HE7 is organized under the laws of the United States and is a citizen of Oregon.

3. Terence Byrne a/k/a Terence T. Byrne is a resident and citizen of the State of New York having an address at 6140 Hanover Road, Farmington, New York 14425. Terence Byrne a/k/a Terence T. Byrne is a necessary party defendant because he is a record owner of the Property, the obligor on the Note (described in paragraph 8 below) and the mortgagee on the Mortgage (described in paragraph 9 below).

4. Suzanne M. Byrne a/k/a Suzanne M. Castiglia is a resident and citizen of the State of New York having an address at 6140 Hanover Road, Farmington, New York 14425. Suzanne M. Byrne a/k/a Suzanne M. Castiglia is a necessary party defendant because she is a record owner of the Property and the mortgagee on the Mortgage (described in paragraph 9 below).

5. John Doe No. 1 through John Doe No. 12, inclusive, are fictitious and unknown to Plaintiff and are named herein to designate any and all tenants, occupants, persons, corporations or other entities, if any, having or claiming an interest in or lien upon the Property or any part thereof, which is subject to the lien of the Mortgage (defined in paragraph 9 below).

6. Based upon the foregoing, this Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332(a) because there is diversity of citizenship between Plaintiff and all defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Property is located in this district and because a substantial part of the events giving rise to this action took place within this district.

## FACTUAL BACKGROUND

8. On or about July 26, 2004, Terence Byrne a/k/a Terence T. Byrne duly executed, acknowledged and delivered a note (the "Note") to New Century Mortgage Corporation, wherein he promised to repay the sum of $100,300.00 in monthly payments of principal, interest, taxes, assessments, leasehold payments or ground rents (if any), together with hazard and mortgage insurance as more fully set forth therein. A copy of the Note is annexed hereto as **Exhibit "2."**

9. On or about July 26, 2004, as collateral security for the re-payment of the Note, Terence Byrne a/k/a Terence T. Byrne and Suzanne M. Byrne a/k/a Suzanne M. Castiglia ("Mortgagors") duly executed, acknowledged and delivered to New Century Mortgage Corporation a mortgage (the "Mortgage") which was recorded in the Office of the County Clerk of Ontario County on August 12, 2004 in Control Number 200408120030 and which encumbers the Property. The applicable mortgage tax was paid. A copy of the recorded Mortgage is annexed hereto as **Exhibit "3."**

10. The subject loan was modified by Loan Modification Agreement dated March 11, 2019, creating a new mortgage amount of $129,231.68 and a balloon payment in the amount of $92,305.38. A copy of the Loan Modification Agreement is annexed hereto as **Exhibit "4."**

11. The Mortgage was transferred to Plaintiff via an Assignment of Mortgage. Copies of the Assignments of Mortgage are annexed hereto as **Exhibit "5."**

12. Plaintiff is the owner and holder of the Note and Mortgage.

13. Plaintiff, directly or through an agent maintains physical possession of the original Note. The Note is duly indorsed in blank by New Century Mortgage Corporation and was delivered to Plaintiff or its agent prior to the commencement of the instant action.

## AS FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through paragraphs "13" above with the same force and effect as if set forth at length herein.

15. Mortgagors defaulted on their obligation by failing to comply with the conditions of the Note by withholding the payment amount that became due on April 1, 2024, and Plaintiff is entitled to enforce its security interest against Mortgagors pursuant to the terms of the Mortgage. As of April 11, 2025, said default has not been cured. There is now an unpaid principal balance of $153,310.29, plus interest, taxes, assessments, leasehold payments or ground rents (if any), together with hazard and mortgage insurance, if applicable, due and owing to Plaintiff.

16. Plaintiff has complied with those provisions of New York's Real Property Actions and Proceedings Law §§ 1304 and 1306 to the extent the instant circumstances require.

17. By reason of the aforementioned default(s), Plaintiff hereby declares the balance of the principal indebtedness to be immediately due and owing.

18. Based upon the foregoing, there is now due and owing from the Mortgagors to the Plaintiff, the principal sum of $153,310.29 plus interest thereon from March 1, 2024, in addition to those accumulated late charges and those recoverable monies advanced by Plaintiff and/or Plaintiff's predecessor-in-interest on behalf of Mortgagors together with all costs, including but not limited to, attorneys' fees, disbursements, and further allowances provided pursuant to the underlying loan documents and applicable law in bringing any action to protect the Plaintiff's interest in the Property.

19. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and any and all future defaults under the Note and Mortgage, and occurring prior to the discontinuance of this action are fully paid.

20. To protect its security afforded by the Note and Mortgage, it may be necessary for the Plaintiff to pay taxes, assessments, water rates and insurance premiums which are, or may become liens on the Property, and any other charges for the protection of the Property, and Plaintiff hereby demands that any amounts which may be so expended shall be added to the amount of the principal sum secured by said Note and Mortgage, together with interest from the time of any such payment, and that the same be paid to the Plaintiff from the proceeds of the foreclosure sale herein.

21. Plaintiff further alleges that all defendant(s), including those not specifically identified as executors of the underlying loan documents, have or may claim to have, some

interest in, or lien upon the Property, or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the Mortgage being foreclosed herein.

22. The sale of the Property and title thereto are subject to the state of facts an accurate survey will show; all covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same; the physical condition of any building or structure on the premises as of the date of closing hereunder; rights of tenants in possession, if any; prior mortgages and judgments, if any, now liens of record; right of Redemption of United States of America, if any; rights of any defendants pursuant to New York's Civil Practice Laws and Rules ("CPLR") §§§ 317, 2003, and 5015, if any; any and all Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and other conditions as set forth in the terms of sale more particularly to be announced at the sale.

23. Plaintiff has complied with all of the provisions of sections five hundred ninety-five-a and six-l or six-m of New York's Banking Law and any rules and regulations promulgated thereunder, for loans governed by those provisions, and sections thirteen hundred four and thirteen hundred six of New York's Real Property Actions and Proceedings Law.

24. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

**WHEREFORE**, Plaintiff respectfully requests this Court grant judgment in favor of Plaintiff and as against defendants as follows:

    I.    On its First Cause of Action:

a) The defendants and each of them, and all persons claiming under them, or any of them subsequent to the commencement of this action and the filing of the Notice of Pendency thereof, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the Property;

b) Said Property be sold subject to the state of facts an accurate survey will show; all covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same; the physical condition of any building or structure on the premises as of the date of closing hereunder; rights of tenants in possession, if any; prior mortgages and judgments, if any, now liens of record; right of Redemption of United States of America, if any;  rights of any defendants pursuant to CPLR § 317, CPLR § 2003 and CPLR § 5015, if any; any and all Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material

containing asbestos, and toxic substances; and other conditions as set forth in the terms of sale more particularly to be announced at the sale.

      c) Said Property may be decreed to be sold in one parcel according to law subject to the various items set forth in allegations of the complaint herein;

      d) The monies arising from the sale may be brought into court;

      e) Plaintiff may be paid the amount due on said note and mortgage as alleged herein, together with interest to the time of such payment, together with the sums expended by plaintiff prior to and during the pendency of this action, and for thirty days after any sale demanded herein for taxes, water rates, sewer rents, assessments, insurance premiums and other necessary and essential charges or expenses in connection therewith to protect the mortgage lien, plus any sums expended for the protection or preservation of the property covered by said mortgage and note, and the amount secured thereby, with interest thereon from the time of such payment and the costs and expenses of this action including reasonable attorneys' fees so far as the amount of such monies properly applicable thereto will pay the same;

      f) The Plaintiff be decreed to be the owner of any and all personal property used in connection with the said Property unless the obligors were discharged in bankruptcy;

      g) The obligors may be adjudged to pay any deficiency which may remain after applying all of said monies so applicable thereto unless the obligors were discharged in bankruptcy;

      h) Awarding the relief requested in the additional causes of action stated in the complaint, if any;

      i) Plaintiff shall have such other and further relief or both, in the Property as shall be just and equitable.

j)  For such other relief permitted by law or contract and deemed appropriate by this court.

|  |  |
|---|---|
| | McCABE, WEISBERG & CONWAY, LLC |
| Dated: April 18, 2025<br>Melville, NY | By: *Melissa S. DiCerbo*<br>MELISSA DICERBO, ESQ.<br>Attorneys for Plaintiff<br>One Huntington Quadrangle, Suite 4N25<br>Melville, NY 11747<br>(631) 812-4084<br>(855) 845-2584 facsimile |