UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDER OF ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE7 ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-HE7,

CASE NO. 25-CV-06212

Plaintiff

-against-

TERENCE BYRNE A/K/A TERENCE T. BYRNE; SUZANNE M. BYRNE A/K/A SUZANNE M. CASTIGLIA;
"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

Defendants.

---------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR A DEFAULT JUDGMENT OF FORECLOSURE AND SALE**

**Melissa Dicerbo, Esq.**
**McCabe, Weisberg & Conway LLC**
**Attorneys for Plaintiff**
**1 Huntington Quadrangle, Ste 4N25**
**Melville, NY 11747**
**(631)812-4084**
**mdicerbo@mwc-law.com**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………..………1

STATEMENT OF FACTS………………………………………………....………………..…..1

LEGAL STANDARD……………………………………………………………….…………3

ARGUMENT………………………………………………………………………….……….3

    Plaintiff Established Its Prima Facie Case For
    Foreclosure of the Mortgage…………………………………………………….………..3

    Plaintiff is Entitled To an Award of Attorneys' Fees and Costs……………….…………5

CONCLUSION……………………………………………………………………….………….6

**TABLE OF AUTHORITIES**

**Cases**

*BH99 Realty, LLC v. Qian Wen Li*, No. 10-cv-693, 2011 WL 1841530
    (E.D.N.Y. Mar. 16, 2011)……………………………………………………………….4

*Builders Bank v. Charm Developments II, LLC*, Case No. 09-cv-3935, 2010 WL 3463142
    (E.D.N.Y. Aug. 30, 2010)……………………………………………………………….4

*Campaign v. Barba*, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86
    (2d Dept. 2005)…………………………………………………………………………4

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158
    (2d Cir. 1992)…………………………………………………………………………..5

*OneWest Bank, N.A. v. Hawkins,* No. 14-cv-4656, 2015 WL 5706945
    (E.D.N.Y. Sept. 2, 2015)……………………………………………………….………3

*People's United Bank v. Patio Gardens III, LLC*, 143 A.D.3d 689
    (2d Dept. 2016)…………………………………………………………………………5

*Purmm Capital Corp. v. 697 Evergreen Ave., Inc.*, 172 A.D.3d 1414
    (2d Dept. 2019)……………………………………………………………..…………..5

*Robertson v. Doe,* 2008 U.S. Dist. LEXIS 47860, 2008 WL 2519894, at *3
    (S.D.N.Y. June 19, 2008)……………………………………………………………....3

*U.S. v. Watts*, No. 13-cv-3211, 2014 WL 4275628
    (E.D.N.Y. May 28, 2014)………………………………………………………………4

*Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778
    (2d Dept. 2014)………………………………………………………………............5

**Statutes**

Fed. Rules Civ. Pro. 55……………………………………………………….…………3, 6

Fed. Rules Civ. Pro 55(a)……………………………………………………………..…..3

Fed. Rules Civ. Pro. 55(b)(2)……………………………………………………………1, 3

New York's Real Property Actions and Proceedings Law Section 1303…………………….3

New York's Real Property Actions and Proceedings Law Section 1320…………………………3

New York's Real Property Actions and Proceedings Law Section 1351…………………………1

iii

**PRELIMINARY STATEMENT**

Plaintiff U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDER OF ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE7 ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-HE7 ("Plaintiff") by and through its attorneys, McCabe, Weisberg, & Conway, LLC, respectfully submits this memorandum of law in support of Plaintiff's motion for a default judgment of foreclosure and sale pursuant to Federal Rule of Civil Procedure (F.R.C.P.) 55(b)(2) and New York's Real Property Actions and Proceedings Law ("RPAPL") section 1351 in this residential mortgage foreclosure action which was commenced to foreclose a first mortgage lien encumbering the real property known as and located at 6140 Hanover Road, Farmington, New York (the "Premises"). See ECF Dkt. 1 and Ex. 1 to the Declaration in Support of Melissa Dicerbo (the "Dicerbo Decl.").

Plaintiff effectuated service upon defendants Terence Byrne A/K/A Terence T. Byrne and Suzanne M. Byrne A/K/A Suzanne M. Castiglia, but they failed to answer or otherwise respond to Plaintiff's Complaint and the Clerk of this Court, upon Plaintiff's request, issued a certificate of default holding them in default. See ECF. Dkt. No. 7. Plaintiff now moves for a default judgment of foreclosure and sale pursuant to F.R.C.P. 55(b)(2) and section 1351 of New York's Real Property Actions and Proceedings Law. As set forth below, Plaintiff is entitled to all of the relief it seeks.

**STATEMENT OF FACTS**

On July 26, 2004, defendant Terence T. Byrne ("Defendant") executed a note (the

-1-

"Note") in favor of New Century Mortgage Corporation, evidencing a loan made to him in original principal amount of $100,300.00.  See Ex. 1 to the Dicerbo Decl.  As security for the repayment of the Note, Defendant and Suzanne M. Byrne executed a mortgage (the "Mortgage") in favor of New Century Mortgage Corporation.  The Mortgage was recorded in the Ontario County Clerk's Office against the Premises.  See Ex. 1 to the Dicerbo Decl.

By written assignments of mortgage, the Note and Mortgage were assigned to Plaintiff. See Ex. 1 to the Dicerbo Decl.  In addition, the original Note was endorsed in blank by New Century Mortgage Corporation, and physical possession transferred to Plaintiff prior to the commencement of this action.  See Declaration in Support of Plaintiff's Motion for a Default Judgment and Judgment of Foreclosure and Sale executed by Claribel Lopez on June 17, 2025 (the "Lopez Decl."), ¶7.  Certain of the Note and Mortgage were modified by Loan Modification Agreements dated July 22, 2013, February 25, 2019, and July 6, 2023. See Ex. 4 to Ex. 1 to the Dicerbo Decl.

Pursuant to the terms of the July 6, 2023 Loan Modification Agreement, Defendant was to make monthly payments beginning with a payment due on August 1, 2023 and continuing each month thereafter.  See Ex. 4, pg. 19 to Ex. 1 to the Dicerbo Decl. Defendant defaulted in his obligations by failing to make monthly payments when due beginning with the payment due on April 1, 2024.  See Lopez Decl. ¶10 and Ex. 12 thereto. Despite due demand, Defendant failed to cure his default and this action was commenced by the filing of a proposed Summons and Complaint with this Court on April 18, 2025.  See Ex. 1 to the Dicerbo Decl.

On July 1, 2025, Plaintiff filed a Notice of Pendency with the Ontario County Clerk.  See

-2-

Ex. 2 to the Dicerbo Decl. On April 21, 2025, the clerk of the Court issued the Summons for service upon Defendants and on May 12, 2025 Defendants were served with the Summons, Complaint, RPAPL §1303 notice and RPAPL §1320 notice.  See ECF Dkt. Nos. 4 and 5.

On June 4, 2025, Plaintiff filed a request for the clerk to enter the default of Defendant s and on June 5, 2025, the clerk entered the default of Defendant.  See Ex. 3 to the Dicerbo Decl.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 2008 U.S. Dist. LEXIS 47860, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 U.S. Dist. LEXIS 47860, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be  sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]).  Here, Plaintiff has complied with all procedural requirements and, as detailed below, has established a prima facie case for foreclosure of the Mortgage, so its motion should be granted in its entirety.

## ARGUMENT

### PLAINTIFF ESTABLISHED ITS PRIMA FACIE CASE FOR FORECLOSURE OF THE MORTGAGE

New York law mandates that a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." *OneWest Bank, N.A. v. Hawkins,* No.

14-cv-4656, 2015 WL 5706945 (E.D.N.Y. Sept. 2, 2015) *citing*, *Campaign v. Barba*, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86 (2d Dept. 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See, BH99 Realty, LLC v. Qian Wen Li*, No. 10-cv-693, 2011 WL 1841530 (E.D.N.Y. Mar. 16, 2011); *see also, U.S. v. Watts*, No. 13-cv-3211, 2014 WL *4275628* (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Applying the aforementioned standard, courts in this Circuit hold that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor failed to make payments due under the Note." *Builders Bank v. Charm Developments II, LLC*, Case No. 09-cv-3935, 2010 WL 3463142 (E.D.N.Y. Aug. 30, 2010) (internal quotation marks omitted). Once the plaintiff makes an affirmative showing of the defendant's default, the defendants must make "an affirmative showing" that a defense to the action exists. *See, Builders Bank*, 2010 WL 3463142 at 3 (internal quotation marks omitted).

Here, Plaintiff established its prima facie case for foreclosure of the Mortgage by submitting the executed Note, Mortgage, and Loan Modification Agreements, together with proof that Defendant defaulted in making his payments when due. See Lopez Decl., ¶10 and Ex. 12 thereto. Defendants, having defaulted in answering the Complaint, fail to contest the existence and validity of the Note and/or Mortgage or their default under these documents and,

-4-

in fact, is deemed to have admitted these facts. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In this case, Plaintiff sufficiently established its damages by submitting the Lopez Decl. which has annexed to it the documentary evidence in the form of admissible business records establishing Plaintiff's damages.

Thus, Plaintiff is entitled to a default judgment of foreclosure and sale.

**PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff respectfully submits that it is also entitled to an award of attorneys' fees and costs in the judgment. Although there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, here Plaintiff is entitled to recovery of its fees and costs because it is specifically provided for in the parties' contract. *See, Purmm Capital Corp. v. 697 Evergreen Ave., Inc.*, 172 A.D.3d 1414 (2d Dept. 2019) quoting *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778 (2d Dept. 2014). "The award of a reasonable attorney's fee pursuant to a contractual provision is within the sound discretion of the court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel." *See, Purmm Capital Corp. v. 697 Evergreen Ave., Inc.*, 172 A.D.3d 1414 (2d Dept. 2019) citing *People's United Bank v. Patio Gardens III, LLC*, 143 A.D.3d 689 (2d Dept. 2016).

Here, Plaintiff submits the Declaration of Melissa Dicerbo dated July 28, 2025 in support of its request for an award of attorneys' fees and costs. The Declaration adequately describes

the fees incurred by Plaintiff in connection with the prosecution of this action and details the provisions of the Mortgage which entitle Plaintiff to recoup its reasonable attorneys' fees.

Specifically, paragraph 14 of the Mortgage provides:

> Lender may charge me fees for services performed in connection with my default for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees…

In addition, pursuant to paragraph 22 of the Mortgage:

> In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

Based on the foregoing, Plaintiff respectfully requests that the Court award Plaintiff its reasonable attorneys' fees as set forth in the Declaration of Melissa Dicerbo.

## **CONCLUSION**

Plaintiff established its prima facie case for Judgment of Foreclosure and Sale by producing the duly executed Note, Mortgage, Loan Modification Agreements, the Declaration of its counsel Melissa Dicerbo, and the Declaration of Claribel Lopez who attested to Defendants' payment default and established the amounts due to Plaintiff. Plaintiff also compiled with the provisions of F.R.C.P. 55. Therefore, Plaintiff is entitled to default judgment as to the

Defendants.

                                                McCABE, WEISBERG & CONWAY, LLC

Dated: July 28, 2025          By:  /s/
       Melville, NY                  MELISSA DICERBO
                                        Attorneys for Plaintiff
                                        One Huntington Quadrangle, Suite 4N25
                                        Melville, NY 11747
                                        (631) 812-4084
                                        (855) 845-2584 facsimile