UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

U.S. Bank Trust Company, National Association,

                                            Plaintiff,

                                                                             Case # 25-CV-6212-FPG

v.

                                                                             DECISION AND ORDER

Terence Byrne, et al.,

                                            Defendants.
_____

## INTRODUCTION

Plaintiff U.S. Bank Trust Company, National Association [1] brings this mortgage-foreclosure action again Defendants Terence and Suzanne Byrne ("Terence" and "Suzanne," respectively).[2] ECF No. 1. On June 5, 2025, default was entered against Defendants after they failed to appear. ECF No. 7. On August 4, 2025, Plaintiff moved for a default judgment. ECF No. 8. Defendants did not respond. For the reasons that follow, Plaintiff's motion is GRANTED IN PART.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court

---

[1] Plaintiff sues in its capacity as "trustee, as successor-in-interest to U.S. Bank National Association, as Trustee For The Registered Holder Of Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE7 Asset Backed Pass-Through Certificates, Series 2004-HE7." ECF No. 1 at 2.

[2] Also named as defendants are twelve fictitious "John Does" who may have an interest in the property. ECF No. 1 at 2-3. Plaintiff proposes that the Doe defendants be stricken from the complaint. *See* ECF No. 8-23 at 7. That request is granted.

1

for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)); *see also Freedom Mortg. Corp. v. Trejo*, No. 22-CV-7116, 2024 WL 3465241, at *12 (E.D.N.Y. July 19, 2024) (stating that a court can determine damages without a hearing when the requested damages are "supported by sufficiently detailed affidavits and documentary evidence").

## BACKGROUND

The following facts are taken from the complaint and the materials that Plaintiff proffered in connection with its motion. In July 2004, Terence executed a note for the purchase of a property located in Farmington, New York. *See* ECF No. 1-2. To secure the note, Terence and Suzanne[3] executed a mortgage on the property. ECF No. 1-3. Subsequently, Plaintiff was

---

3 Because Suzanne did not sign the note, the mortgage imposes limited obligations on her:

> If more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured; and (c) that Person agrees that Lender may agree with the other Borrowers to delay enforcing any of Lender's rights, to modify, or make any accommodations with regard to the terms of this Security Instrument or the Note without that Person's consent.

ECF No. 1-3 at 13-14.

assigned the mortgage, *see* ECF No. 1-5 at 3, and Terence executed several modifications to the loan agreement, most recently in 2023. *See* ECF Nos. 8-14, 8-15, 8-16. Beginning in April 2024, Terence defaulted on his payment obligations, and as of May 2025, $166,466.21 was due and owing. *See* ECF No. 8-9 at 4-6.

Plaintiff brought this foreclosure action in April 2025. ECF No. 1.

## DISCUSSION

Plaintiff does not dispute that New York law provides the governing standards for this action. *See* 42 U.S.C. § 1475(b). "Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *United States v. Phillips*, No. 19-CV-5348, 2022 WL 256954, at *5 (E.D.N.Y. Jan. 7, 2022). "Typically, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Id.* (internal quotation marks omitted).

In addition, lenders in "New York residential foreclosure actions . . . carry an even higher burden. The New York Real Property Actions and Proceedings Law ('RPAPL') imposes stringent notice requirements on lenders, assignees, and mortgage loan services in residential mortgage foreclosure actions." *United States v. Parks*, No. 17-CV-1262, 2018 WL 5793569, at *2 (W.D.N.Y. Oct. 4, 2018) (brackets omitted). Among these requirements are "(a) the service of statutory notice to the mortgagor with the summons and complaint [RPAPL §§ 1303, 1320], (b) the giving of notice to the mortgagor before the commencement of a legal action [RPAPL § 1304], (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services [RPAPL § 1306], and (d) the filing of a notice of pendency

[RPAPL § 1331]." *United States v. Castner*, No. 19-CV-1447, 2021 WL 1564785, at *4 (N.D.N.Y. Apr. 21, 2021).

The Court concludes that Plaintiff is entitled to relief. As to the basic requirements of a foreclosure claim, there are sufficient allegations and/or evidence that Terence had a payment obligation to Plaintiff which was secured by a mortgage executed by Terence and Suzanne, ECF Nos. 1-2, 1-3. Terence Byrne defaulted on that obligation, ECF No. 8-9 at 4; *see also* ECF No. 1 at 4, and Plaintiff provided notice to Defendants of that default, along with a demand for payment. *See* ECF Nos. 8-18, 8-19.

Plaintiff has also demonstrated that RPAPL poses no barrier to foreclosure. Plaintiff has submitted evidence of its compliance with the service of statutory notice pursuant to RPAPL §§ 1303, 1320. *See* ECF Nos. 4, 5. Plaintiff satisfied the notice requirement required by RPAPL § 1304, ECF No. 8-19, the filing requirement set forth in RPAPL § 1306, ECF No. 8-20, and the notice-of-pendency requirement as set forth in RPAPL § 1331, ECF No. 8-3.

Accordingly, the Court concludes that Plaintiff has provided sufficient allegations and/or evidence on its foreclosure claim.

Furthermore, the Court has reviewed Plaintiff's requests for costs and attorney's fees, which are permitted under the note and mortgage. ECF No. 1-2 at 4; ECF No. 1-3 at 16-17. Plaintiff requests costs in the amount of $1,858.50 for the filing fee, title search, and service of process. *See* ECF No. 8-5. Those costs are reasonable and permissible under the terms of the note and mortgage. *See Ditech Fin. LLC v. Singh*, No. 15-CV-7078, 2017 WL 4271655, at *7 (E.D.N.Y. Sept. 6, 2017).

Plaintiff requests attorney's fees in the amount of $6,800, which is a flat-fee paid to Plaintiff's counsel. *See* ECF No. 8-6 at 4. Counsel did not proffer contemporaneous time records, but provided an estimate of her work from "averages based on volume." *Id.* at 4, 7-8.

4

"In this circuit, contemporaneous time records are a prerequisite for attorney's fees." *Freedom Mortg. Corp. v. D'Amato*, No. 22-CV-7804, 2024 WL 662486, at *2 (E.D.N.Y. Feb. 17, 2024) (internal quotation marks omitted). Because of the "the increased use of flat fee arrangements" in this context, however, "courts in this district have recognized that attorney's fees can be awarded, albeit at a discounted rate, even without contemporaneous time records." *Id.* Where, as here, counsel fails to provide "contemporaneous time records," or some documentation of similar substance, courts have discounted the fees by 50%. *See, e.g.*, *Trejo*, 2024 WL 3465241, at *16. Consistent with that reasoning, the Court will reduce Plaintiff's requested fee by 50% and award $3,400.

In sum, Plaintiff will receive $5,258.50 in costs and attorney's fees.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (ECF No. 8) is GRANTED IN PART. The Court will issue a judgment of foreclosure and sale by separate order. Upon the filing of the judgment of foreclosure and sale, the Clerk of Court shall close the case. The Clerk of Court is further directed to amend the caption to reflect that the named defendants are "Terence *Byrne*" and "Suzanne *Byrne*."

IT IS SO ORDERED.

Dated: October 29, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York