UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDER OF ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE7 ASSET BACKED PASSTHROUGH CERTIFICATES, SERIES 2004-HE7,

                    Plaintiff

-against-

TERENCE BYRNE A/K/A TERENCE T. BYRNE; SUZANNE M. BYRNE A/K/A SUZANNE M. CASTIGLIA;
"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

                    Defendants.
-------------------------------------------------------------------X

CASE NO. 25-CV-06212

**JUDGMENT OF FORECLOSURE AND SALE**

On the summons in a civil action (the "Summons") and complaint (the "Complaint") filed herein on April 18, 2025; on the Notice of Pendency filed in the Office of the Ontario County Clerk on July 1, 2025, and upon plaintiff's motion for a default judgment of foreclosure and sale against defendant Terence Byrne A/K/A Terence T. Byrne and Suzanne M. Byrne A/K/A Suzanne M. Castiglia.

NOW, upon the Declaration of Melissa Dicerbo in Support of Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale dated July 28, 2025, the Declaration of Claribel Lopez in Support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale

1

dated June 17, 2025, the Declaration of Melissa Dicerbo in Support of Plaintiff's Request for an Award of Reasonable Attorneys' Fees dated July 28, 2025, the Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale, and the Bill of Costs dated July 24, 2025, together with the exhibits annexed thereto, the Court finds that;

Plaintiff has established its entitlement to a default judgment against Terence Byrne A/K/A Terence T. Byrne and Suzanne M. Byrne A/K/A Suzanne M. Castiglia; and that the total amount due on the Note and Mortgage as of May 13, 2025 is $166,466.21, broken down as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $ 153,310.29 |
| Deferred Principal Balance: | $ 1,513.26 |
| Interest at the rate of 2.00030% from 3/1/24-5/13/25 (per diem $8.40) | $ 3,678/.66 |
| Escrow Advance Amt: | $ |
|    Taxes (2022-2025): | $ 10,867.11 |
|    Insurance (2023-2024): | $ 3,390.00 |
| Payments/Credits | ($ 6,540.62) |
| **ADDITIONAL COSTS:** | |
| Property Inspections: | $ 195.00 |
| Property Appraisal/BPO | $ 85.00 |
| Less: Suspense Balance | ($ 32.49) |
| **GRAND TOTAL as of May 13, 2025** | **$166,466.21** |

**IT IS ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto be sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land, lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in or used in connection with the mortgaged premises as more fully set forth in the aforementioned mortgage to be sold in one parcel subject to the following, any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, of any; zoning restrictions and any amendments thereto according to law now in force, existing violations and order of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing and with any apportionments or adjustments; at public auction to be held at the on the steps of the Ontario County Courthouse, 27 North Main Street, Canandaigua, NY 14424, by and under the direction of Deborah M. Field, Esq., 120 Corporate Woods, Suite 240, Rochester, NY 14623 (585)292-5750 x12, who is hereby designated the Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL 231 in the DAILY MESSENGER; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that the plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if plaintiff becomes such purchaser, no deposit shall be required. That said referee execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold. All deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser. That said Referee on receiving the proceeds of the sale, shall forthwith deposit the same in the name of the Referee, as Referee, in an IOLA account with an FDIC insured bank and provide counsel for plaintiff with the name and location of said bank, and the Referee shall thereafter make the following payments therefrom and the Referee's checks drawn for such purpose shall be paid by such depository, to wit:

**FIRST:** The Referee shall pay a sum not to exceed $750.00, the amount allowed by Section 8003 of the CPLR to the Referee as the Referee's fee herein;

**SECOND:** The Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by the said Referee to be correct;

**THIRD:** The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expended for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums. The Referee shall pay to the plaintiff's attorney the sum of $3,400.00 for reasonable attorneys' fees incurred by plaintiff to protect or enforce plaintiff's security interest in the premises;

**FOURTH:** From the proceeds of a sale to a party other than plaintiff, and for purposes of calculating the amount of surplus or deficiency, including if a deficiency judgment is sought, the Referee shall pay to the plaintiff or its attorneys the sum of $1,858.50 which is hereby added to the amount found due to it for costs and disbursements to be taxed by the Clerk of this Court and inserted herein based upon the Bill of Costs filed by plaintiff, with interest thereon from the date hereof, together with the sum of $166,466.21 being the amount found due as aforesaid, together with interest at the contract rate thereon from May 14, 2025 to the date of entry of this judgment and thereafter interest at the statutory rate thereon, to

the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is later or so much thereof as the purchase money will pay of the same.

**FIFTH:** That, if the Referee intends to apply for a further allowance for the Referee's fee, the Referee may leave on deposit such amount as will cover further order of the Court thereon after application duly made;

**SIXTH:** From the proceeds of a sale to a party other than plaintiff, and for purposes of calculating the amount of surplus or deficiency, including if a deficiency judgment is sought, the Referee shall pay to the plaintiff or its assigns, the sum found due under its mortgage as aforesaid plus interest at the contract rate, or so much thereof, as the purchase money will pay of the same, plus escrow advances, legal fees and disbursements thereon and that the Referee shall take an affidavit from plaintiff or its representative setting forth the amount due thereunder and a receipt therefore and file it with the Referee's Report of Sale;

**SEVENTH:** That the said Referee take receipts for the money so paid out by the Referee and file the same with the Referee's Report of Sale and that the Referee deposit the surplus money, if any, with the Ontario County Clerk within five days after the same shall be received and ascertainable, to the credit of this action, to be drawn only on order of this Court, signed by a Judge thereof; and it further

**ORDERED, ADJUDGED AND DECREED** that the said Referee make a Report of such sale and file it with the Clerk of the Court within 30 days of completing the sale and executing the proper conveyance to the purchaser, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds; that, if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff and interest, costs and allowances as

aforesaid, said Referee specify the amount of such deficiency in the Referee's Report of Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to plaintiff with interest and costs as aforesaid, plaintiff may recover of defendant TERENCE BYRNE A/K/A TERENCE T. BYRNE the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED**, that, in case the plaintiff shall become the purchaser of the premises directed to be sold, or in the event that the rights of the purchaser at the sale, and the terms of sale under this judgment shall be assigned to or acquired by the plaintiff, and a duly executed assignment thereof in writing be filed with the Referee, said Referee shall not require plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked **"FIRST"**, **"SECOND"** and **"THIRD"**, or in lieu of the payment of the said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. That the balance of the amount bid, if any, shall be allowed to the plaintiff, and applied by the paragraph marked **"FOURTH"** above. That if, after so applying the amount paid there shall be a surplus over and above the amounts due to plaintiff, plaintiff shall pay to said Referee, upon delivery to it of the Referee's deed, the amount

of such surplus; and the Referee shall then deposit the balance with such depository as herein directed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the defendants captioned herein as "John Doe #1-12," not having been served with the Summons and Complaint, are neither necessary nor proper party defendants and their names are hereby stricken from the caption; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the caption shall be amended to reflect the removal of said parties as follows:

---------------------------------------------------------------X
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDER OF ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE7 ASSET BACKED PASSTHROUGH CERTIFICATES, SERIES 2004-HE7,

CASE NO. 25-CV-06212

Plaintiff

-against-

TERENCE BYRNE A/K/A TERENCE T. BYRNE; SUZANNE M. BYRNE A/K/A SUZANNE M. CASTIGLIA;

Defendant.
---------------------------------------------------------------X

and it is further

**ORDERED, ADJUDGED AND DECREED** that the defendants in this action, and all persons claiming under them subsequent to the filing of the notice of pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part thereof; and it is further

7

**ORDERED, ADJUDGED, AND DECREED**, that the premises be sold in one parcel in "as is" physical order and condition, subject to:

(a) The state of facts an accurate survey will show;

(b) The state of facts that an inspection of the premises would disclose;

(c) All covenants, restrictions, easements, agreements and reservations, rights of way, and public utility agreements of record if any, and to any all violations thereof;

(d) Any and all building and zooming regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to reapportionment of lot lines, and vault charges, if any;

(e) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same;

(f) The physical condition of any buildings or structure on the premises as of the date of the later to occur of the sale date or the transfer of title;

(g) Rights of tenants in possession, if any;

(h) Prior mortgages and judgments, if any, now liens of record;

(i) Right of redemption of the United States of America, if any;

(j) Rights of any defendants pursuant to CPLR 317, CPLR 2003, and CPLR 5015, if any;

(k) Any and all hazardous materials in or at the premises, including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and

(l) Other conditions as set forth in the terms of sale more particularly to be announced at the sale; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that each and all of the defendants in this

action, and all persons claiming under them or any of either of them, after filing of the notice of pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the premises; prior lien(s) of record; and it is further

**ORDERED, ADJUDGED AND DECREED** that, if plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUDGED AND DECREED** that at the time of sale the Referee shall accept a written bid from the plaintiff or the plaintiff's attorney, just as though plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless plaintiff's attorneys shall elect to make such application; and it is further

**ORDERED, ADJUDGED AND DECREED** that nothing herein shall be deemed to relieve plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**ORDERED**, that the Ontario County Clerk is hereby directed to record a copy of this judgment against the land records for the premises.

A description of the premises to be sold at auction is annexed hereto as Schedule "A."

SAID premises being commonly known as 6140 Hanover Road, Farmington, New York 14425.

IT IS SO ORDERED.

Dated: 10/29/2025

_____
Hon. Frank P. Geraci, Jr.
United States District Judge
Western District of New York

# SCHEDULE A

# SCHEDULE A



One Oxford Valley 12300 East Lincoln Highway | Suite 700
Langhorne, PA 19047
Phone: 484-594-1146
Fax: 484-594-1624

## LEGAL DESCRIPTIONS

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Farmington, County of Ontario and State of New York, and more particularly described as follows:

Being known and described as Lot 72 of Kings Village Subdivision, Section 2, as shown in Map #5968, filed in the Ontario County Clerk's Office on January 24, 1973.

The improvements thereon being known as 6140 Hanover Road, Farmington, New York - 14425.

## DISCLAIMER

It is our policy to type the legal description exactly as it appears on the most recently filed deed. We do not type legal descriptions from any other document(s), even if those documents were recorded after the recording date of the most recently filed deed. It is the sole responsibility of the recipient of this search to determine the accuracy of the legal description and to decide if a new survey would need to be conducted in order to come up with a new legal description. We do not alter or create new legal descriptions